**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| LINDA WETHINGTON, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-1623 |
| STRATEGIC EDUCATION, INC., | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Linda Wethington ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows against Defendant, Strategic Education Inc., ("Defendant" or "Strategic Education") based on personal knowledge, on the investigation of her counsel, and on information and belief as to all other matters:

## INTRODUCTION

1. This is a civil action seeking monetary damages and injunctive and declaratory relief from Defendant Strategic Education, arising from its failure to safeguard certain Personally Identifying Information[1] ("PII") and other sensitive, non-public financial information (collectively, "Personal Information") of thousands of its current, former, and prospective students (collectively, "students") and employees, as well as others whose personal information was stored on Strategic

[1] The Federal Trade Commission defines "personally identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number." 17 C.F.R. § 248.201(b)(8). To be clear, according to Defendant, not every type of information included in that definition was compromised in the breach.

Education's systems.

2. Strategic Education's failure to safeguard these individuals' PII resulted in Defendant's network systems being unauthorizedly accessed by hackers and the Personal Information of Plaintiff and other students and employees, being disclosed, stolen, compromised, and misused, causing widespread and continuing injury and damages.

3. On information and belief, between February 23, 2026, and February 25, 2026, Strategic Education's network was unauthorizedly accessed, resulting in the unauthorized disclosure of the Personal Information of Plaintiff and the Class Members, including names and at least one of the following: Social Security Numbers, driver license numbers, and/or passport numbers (the "Data Breach"). *See* Strategic Education Inc Notice Letter, May 29, 2026 ("Notice Letter"), a copy of which is attached as **Exhibit A**.

4. As explained below, Plaintiff and Members of the Class have suffered significant injury and damages due to the Data Breach permitted to occur by Strategic Education, and the resulting monetary damages including out-of-pocket expenses, including those associated with the reasonable mitigation measures they were forced to employ, and other damages. Plaintiff and the Class also now forever face an amplified risk of *further* misuse, fraud, and identity theft due to their sensitive Personal Information falling into the hands of cybercriminals as a result of the tortious conduct of Defendant.

5. As a consequence of the Data Breach, Plaintiff and the Proposed Class Members' sensitive Personal Information has been released into the public domain and they have had to, and will continue to have to, spend time, effort, and money to protect themselves from fraud and identity theft.

6. Further, and to compound the harm, Defendant waited three (3) months before

Defendant publicly disclosed the incident.

7. As a result of the Data Breach, Plaintiff and the Proposed Class Members have been required to take measures to deter and detect identity theft and fraud. Plaintiff and the Proposed Class Members have been required to take the time and effort, which they otherwise would have dedicated to other life demands, to mitigate the actual and potential impact of the Data Breach including, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports, financial accounts, explanations of benefits, and medical accounts for unauthorized activity.

8. Defendant disregarded the rights of Plaintiff and the Proposed Class Members by failing to take and implement adequate and reasonable measures to ensure that the Personal Information it stores was safeguarded; failing to take available steps to prevent the Data Breach from happening; failing to follow the mandatory, applicable, and appropriate protocols, policies, and procedures; and failing to timely notify Plaintiff and the Proposed Class Members.

9. As the direct result of Defendant's actions, the Personal Information of Plaintiff and the Proposed Class Members was compromised and stolen by unauthorized third parties.

10. Because this same information remains stored in Defendant's systems, Plaintiff and the Proposed Class members have an interest in ensuring that Defendant takes the appropriate measures to protect their information against future unauthorized disclosures.

11. On behalf of herself and the Class preliminarily defined below, Plaintiff brings causes of action for negligence, negligence *per se*, breach of express and implied contractual duties, unjust enrichment and, invasion of privacy.. Plaintiff seeks damages and injunctive and declaratory relief arising from Strategic Education's failure to adequately protect her highly

sensitive Personal Information.

## PARTIES

12. Plaintiff, Linda Wethington, is a natural person, citizen, and resident of Indiana. Plaintiff Wethington is among thousands of individuals whose Personal Information was disclosed to unauthorized third parties during the Data Breach.

13. Plaintiff Wethington is a former student and graduate of Capella University, which is owned and operated by Strategic Education.

14. Plaintiff Wethington paid tuition and fees for educational services provided by the Defendant to the Plaintiff.

15. Plaintiff Wethington received a notice from Strategic Education stating that her Personal Information including her name and one or more of the following was exposed in the Data Breach: Social Security Number, driver's license number, and/or passport number.

16. Defendant, Strategic Education Inc., is a stock corporation with its headquarters and principal place of business located at 2303 Dulles Station Blvd, Herndon, Virginia, 20171. Strategic Education is the parent company of Capella University and Strayer University, among other educational programs.

## JURISDICTION AND VENUE

17. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (i) there are more than one hundred (100) Class Members; (ii) the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs; and (iii) some Class Members are citizens of states different than Strategic Education.

18. This Court has personal jurisdiction over Strategic Education because its principal place of business is located in this District and because Defendant regularly and systematically

transacts business in Virginia.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this district, and/or a substantial part of property that is the subject of this action is situated herein.

## FACTUAL ALLEGATIONS

### A. Plaintiff and the Class Members entrusted their Personal Information to Strategic Education

20. Defendant, Strategic Education Inc., provides education services to adult students through the universities which they own and operate: Strayer University and Capella University.

21. Strategic Education "is dedicated to enabling economic mobility with education. Through a suite of innovative programs and services, we help our working adult students advance their careers and improve their lives."[2]

22. In the ordinary course of providing educational services, students are required to provide Defendant with sensitive, personal, and private information such as their name, address, phone number and email address; date of birth; Social Security Number, driver's license number, passport number, demographic details; and other information that may be deemed necessary by the Defendant. Similarly, Strategic Education employees are required to provide Strategic Education with Personal Information as a condition of employment.

23. Strategic Education acquired, collected, and stored a massive amount of said Personal Information of its students, employees, and others, including Plaintiff and the Members of the proposed Class, which it stored in its electronic systems.

24. By obtaining, collecting, using, and deriving a benefit from its students' and

[2] *See Our Mission*, https://sei.strategiceducation.com/about/company-info/our-mission/default.aspx (last accessed June 9, 2026).

employees' Personal Information, Strategic Education assumed legal and equitable duties to those individuals and knew or should have known that it was responsible for protecting their Personal Information from unauthorized disclosure.

25. Plaintiff has taken reasonable steps to maintain the confidentiality of her Personal Information. Plaintiff and the Class Members, as individuals who were required to entrust their Personal Information to Strategic Education, relied on Strategic Education to keep their Personal Information confidential and securely maintained, and to use their information for authorized purposes and disclosures only.

26. In addition, Strategic Education maintains a Privacy Policy (the "Privacy Policy")[3] on its website, where it acknowledges its collection and storage of Personal Information, along with its express promise to safeguard it: "We maintain reasonable administrative, physical, and technological measures to protect the confidentiality and security of Personal Information you submit on or through our Services." *See* **Exhibit B** ("Privacy Policy.").

27. Plaintiff and the proposed Class Members entrusted their Personal Information to Strategic Education with the expectation and implied mutual understanding that Strategic Education would strictly maintain the confidentiality of the information and undertake adequate measures to safeguard it from theft or misuse.

28. Plaintiff and the proposed Class Members would not have entrusted Strategic Education with their highly sensitive Personal Information if they had known that Strategic Education would fail to take adequate measures to protect it from unauthorized use or disclosure.

## B. Plaintiff and the Class Members' Personal Information was Unauthorizedly Disclosed and Compromised in the Data Breach

[3] *See* **Exhibit B**, also available at https://sei.strategiceducation.com/privacy-policy/default.aspx (last accessed June 9, 2026).

29. Plaintiff Wethington was a student at Capella University and graduated in 2023.

30. As a prerequisite to enrollment, Plaintiff and the Class Members disclosed their non-public and sensitive Personal Information to Capella University, and therefore Defendant Strategic Education, with the implicit understanding that their Personal Information would be kept confidential. This understanding was based on all the facts and circumstances attendant to their enrollment there, and the express, specific, written representations made by Strategic Education and its agents.

31. Plaintiff and the Class Members reasonably relied upon Strategic Education representations to their detriment and would not have provided their sensitive Personal Information to Strategic Education if not for Strategic Education's explicit and implicit promises to adequately safeguard that information.

32. According to Strategic Education Notice Letter, "We recently concluded our investigation of an incident involving unauthorized access to our computer network. Upon discovering the incident, we secured our network and commenced an investigation. The investigation determined that an unauthorized actor accessed our computer servers between February 23, 2026, and February 25, 2026, and took copies of certain files. We reviewed the files involved and, on May 21, 2026, we determined they contained your name and one or more of the following: Social Security number, driver's license number, and passport number." *See* **Ex. A**.

33. Strategic Education is in the process of conducting a comprehensive review of the relevant files and folders to determine the full nature and scope of the information at risk. Strategic Education encourages those affected by the Data Breach "to remain vigilant by regularly reviewing your credit report for unauthorized activity." *Id*.

34. Strategic Education also provided one year of Kroll identity monitoring services.

*Id*.

35. As a result of this Data Breach, the Personal Information of Plaintiff and the proposed Class Members, was unauthorizedly disclosed and compromised in the Data Breach.

36. The Data Breach was preventable and a direct result of Strategic Education's failure to implement adequate and reasonable cyber-security procedures and protocols necessary to protect individuals' Personal Information.

**C. Strategic Education Failed to Sufficiently Protect the Personal Information that Plaintiff and the Proposed Class Members Had Entrusted to It.**

37. Over the past several years, data breaches have become alarmingly commonplace. In 2016, the number of data breaches in the U.S. exceeded 1,000, a 40% increase from 2015.[4] The next year, that number increased by nearly 50%.[5]

38. The Personal Information stolen in the Data Breach is significantly more valuable than the loss of, say, credit card information in a large retailer data breach. Victims affected by those retailer breaches could avoid much of the potential future harm by simply cancelling credit or debit cards and obtaining replacements. The information stolen in the Data Breach— most notably names and Social Security Numbers—is difficult, if not impossible, to change.

39. This kind of data, as one would expect, demands a much higher price on the dark web. Martin Walter, senior director at cybersecurity firm RedSeal, explained, "Compared to credit card information, personally identifiable information… [is] worth more than 10x on the black

---

[4] *Data Breaches Increase 40 Percent in 2016, Finds New Report From Identity Theft Resource Center and CyberScout*, IDENTITY THEFT RESOURCE CENTER ("ITRC") (Jan. 19, 2017), https://www.idtheftcenter.org/data-breaches-increase-40-percent-in-2016-finds-new-report-from-identity-theft-resource-center-and-cyberscout/.

[5] *2017 Annual Data Breach Year-End Review*, ITRC, (Jan. 25, 2018), https://www.idtheftcenter.org/images/breach/2017Breaches/2017AnnualDataBreachYearEndReview.pdf.

market."[6]

40. PII data for sale is so valuable because PII is so broad, and it can therefore be used for a wide variety of criminal activity such as creating fake IDs, buying medical equipment and drugs that can be resold on the street, or combining PII with false provider numbers to file fake claims with insurers.

41. The value of Plaintiff's PII on the black market is considerable. Stolen PII trades on the black market for years, and criminals frequently post stolen private information openly and directly on various "dark web" internet websites, making the information publicly available, for a substantial fee of course.

42. Email phishing schemes "remain[] the primary attack vector for nine out of 10 cyberattacks."[7] Strategic Education did not elaborate on how the Data Breach happened, other than that an unauthorized third party infiltrated its network and certain files and folders were copied.

43. Companies can mount two primary defenses to phishing scams: employee education and technical security barriers.

44. Employee education is the process of adequately making employees aware of common phishing attacks and implementing company-wide policies requiring the request or transfer of sensitive personal or financial information only through secure sources to known recipients. Employee education and secure file-transfer protocols provide the easiest method to assist employees in properly identifying fraudulent e-mails and preventing unauthorized access to

---

[6] Tim Greene, *Anthem Hack: Personal Data Stolen Sells for 10x Price of Stolen Credit Card Numbers*, IT WORLD (Feb. 6, 2015), http://www.itworld.com/article/2880960/anthem-hackpersonal-data-stolen-sells-for-10x-price-of-stolen-credit-card-numbers.html.

[7] Benishti, Eyal, *How to Safeguard Hospital Data from Email Spoofing Attacks*, INSIDE DIGITAL HEALTH, (Apr. 4, 2019), https://www.idigitalhealth.com/news/how-to-safeguard-hospital-data-from-email-spoofing-attacks.

PII.

45. From a technical perspective, companies can also greatly reduce the flow of phishing e-mails by implementing certain security measures governing e-mail transmissions. Companies can use a simple email validation system that allows domain owners to publish a list of IP addresses that are authorized to send emails on their behalf to reduce the amount of spam and fraud by making it much harder for malicious senders to disguise their identities. Companies can also use email authentication that blocks email streams that have not been properly authenticated.

***i. Strategic Education failed to adhere to FTC guidelines***

46. According to the Federal Trade Commission ("FTC"), the need for data security should be factored into all business decision-making.[8] To that end, the FTC has issued numerous guidelines identifying best data security practices that businesses, such as Strategic Education, should employ to protect against the unlawful exposure of Personal Information.

47. In 2016, the FTC updated its publication, *Protecting Personal Information: A Guide for Business*, which established guidelines for fundamental data security principles and practices for business.[9] The guidelines explain that businesses should:

a. protect the personal information that they keep;

b. properly dispose of personal information that is no longer needed;

c. encrypt information stored on computer networks;

d. understand their network's vulnerabilities; and

e. implement policies to correct security problems.

---

[8] *Start with Security: A Guide for Business*, FED. TRADE COMM'N (Sep. 2, 2015), https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf.
[9] *Protecting Personal Information: A Guide for Business*, FED. TRADE COMM'N (Sep. 28, 2016), https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf.

The guidelines also recommend that businesses watch for large amounts of data being transmitted from the system and have a response plan ready in the event of a breach.

48. The FTC recommends that companies not maintain PII longer than is needed for authorization of a transaction; limit access to sensitive data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.[10]

49. The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect PII, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

50. Strategic Education's failure to employ reasonable and appropriate measures to protect against unauthorized access to PII constitutes an unfair act or practice prohibited by Section 5 of the FTCA, 15 U.S.C. § 45.

51. Strategic Education failed to adequately train its employees on even the most basic of cybersecurity protocols, including:

a. How to detect phishing emails and other scams including providing employees examples of these scams and guidance on how to verify if emails are legitimate;

---

[10] *See Start with Security: A Guide for Business*, FED. TRADE COMM'N (Sep. 2, 2015), https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf.

b. Effective password management and encryption protocols for internal and external emails;

c. Avoidance of responding to emails that are suspicious or from unknown sources;

d. Locking, encrypting and limiting access to computers and files containing sensitive information; and

e. Implementing guidelines for maintaining and communicating sensitive data.

52. Strategic Education's failure to implement these rudimentary measures made it an easy target for the Data Breach that came to pass.

***ii. Strategic Education failed to adhere to GLBA guidelines***

53. The Federal Trade Commission considers Title IV-eligible institutions, like Strategic Education, that participate in Title IV Educational Assistance Programs as "financial institutions" and subject to the Gramm-Leach-Bliley Act (16 CFR 313.3(k)(2)(vi)) ("GLBA").

54. The GLBA's Safeguard Rule requires the following in relevant parts:

**§ 314.3 Standards for safeguarding customer information.**

(a) *Information security program.* You shall develop, implement, and maintain a comprehensive information security program that is written in one or more readily accessible parts and contains administrative, technical, and physical safeguards that are appropriate to your size and complexity, the nature and scope of your activities, and the sensitivity of any customer information at issue. Such safeguards shall include the elements set forth in § 314.4 and shall be reasonably designed to achieve the objectives of this part, as set forth in paragraph (b) of this section.

(b) *Objectives.* The objectives of section 501(b) of the Act, and of this part, are to:

(1) Insure the security and confidentiality of customer information;

(2) Protect against any anticipated threats or hazards to the security or integrity of such information; and

> (3) Protect against unauthorized access to or use of such information that could result in substantial harm or inconvenience to any customer.
>
> **§ 314.4 Elements.**
>
> In order to develop, implement, and maintain your information security program, you shall:
>
> . . . (b) Identify reasonably foreseeable internal and external risks to the security, confidentiality, and integrity of customer information that could result in the unauthorized disclosure, misuse, alteration, destruction or other compromise of such information, and assess the sufficiency of any safeguards in place to control these risks. At a minimum, such a risk assessment should include consideration of risks in each relevant area of your operations, including:
>
> (1) Employee training and management;
>
> (2) Information systems, including network and software design, as well as information processing, storage, transmission and disposal; and
>
> (3) Detecting, preventing and responding to attacks, intrusions, or other systems failures.
>
> (c) Design and implement information safeguards to control the risks you identify through risk assessment, and regularly test or otherwise monitor the effectiveness of the safeguards' key controls, systems, and procedures.
>
> . . . (e) Evaluate and adjust your information security program in light of the results of the testing and monitoring required by paragraph (c) of this section; any material changes to your operations or business arrangements; or any other circumstances that you know or have reason to know may have a material impact on your information security program.

55. The GLBA creates a duty for Defendant to safeguard Plaintiff's and the Class Members' Personal Information.

56. Defendant was obligated by federal law, its own policies, and industry standards to keep Plaintiff's and Class Members' Personal Information entrusted to Defendant confidential and to protect it from unauthorized access and disclosure.

57. However, Defendant has failed to adequately implement such policies. This failure to implement has resulted in the Data Breach at issue.

58. Defendant's policies and procedures to safeguard the Personal Information of the Plaintiff and other Proposed Class Members were inadequate, insufficient, and non-compliant with its statutory obligations.

59. Plaintiff and Proposed Class Members provided their Personal Information to Defendant with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

60. Plaintiff and Proposed Class Members reasonably believed that Defendant would maintain their Personal Information in a secure manner and relied upon this understanding when providing said information to the Defendant.

61. Had Plaintiff and Proposed Class Members known that Defendant would not maintain their information in a reasonably secure manner, they would not have provided their Personal Information to Defendant.

62. Defendant could have easily prevented this Data Breach. Defendant is aware of the value of Personal Information and the risks associated with unauthorized disclosure of this information, yet Defendant failed to implement adequate measures to protect its students, employees, and other affiliated individuals' Personal Information.

63. Defendant breached its obligations to Plaintiff and Class Members and/or was otherwise negligent and reckless because it failed to properly maintain and safeguard the Personal Information maintained on its systems. Defendant's unlawful conduct includes, but is not limited to, the following acts and/or omissions:

a. Failing to maintain an adequate data security system to reduce the risk of data breaches and cyber-attacks;

b. Failing to implement its promised Privacy Policy;

c. Failing to adhere to FTC and GLBA standards;

d. Failing to adequately protect Proposed Class Members' Personal Information;

e. Failing to properly monitor its own data security systems for existing intrusions;

f. Failing to provide timely notice of the breach.

**D. Plaintiff and the Class Members were Significantly Injured by the Data Breach**

64. As a result of Strategic Education's failure to prevent the Data Breach, Plaintiff Wethington, along with the Class Members, has suffered and will continue to suffer significant injury and damages. They have suffered or are at increased risk of suffering:

a. Misuse of Personal Information,

b. The loss of the opportunity to control how Plaintiff's and the Class Members' Personal Information is used;

c. The diminution in value of their Personal Information;

d. The compromise, publication and/or theft of their Personal Information;

e. Out-of-pocket costs associated with the prevention, detection, recovery and remediation from identity theft or fraud, including the purchase of identity theft protection insurance and detection services;

f. Increased receipt of spams, calls and texts,

g. Lost opportunity costs and lost wages associated with the time and effort expended and the loss of productivity from addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest and recover from identity theft and fraud;

h. Delay in receipt of tax refund monies;

i. Unauthorized use of stolen Personal Information;

j. The continued risk to their Personal Information, which remains in the possession of Strategic Education and is subject to further breaches so long as it fails to undertake appropriate measures to protect the Personal Information in their possession; and

k. Current and future costs related to the time, effort, and money that will be expended to prevent, detect, contest, remediate and repair the impact of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

65. As a result of the Data Breach, Plaintiff and the Class Members now face, and will continue to face, a heightened risk of identity theft and fraud for the rest of their lives.

66. After the breach, Plaintiff Wethington has reported receiving spam texts and phone calls.

67. As a long-standing member of the higher educational community, Strategic Education knew or should have known the importance of safeguarding Personal Information entrusted to it and of the foreseeable consequences of a breach. Despite this knowledge, however, Strategic Education failed to undertake adequate cyber-security measures to prevent the Data Breach email attack from happening.

68. Strategic Education has encouraged affected victims to review credit reports, account statements, and explanation of benefits forms for suspicious activity or errors. They also state that individuals are entitled to one free credit report annually from each of the three major credit reporting bureaus, TransUnion, Experian, and Equifax. However, this will not adequately compensate Plaintiff and the Class Members for the injuries and damage resulting from the Data

Breach which Defendant failed to prevent.

69. On the contrary, after conducting a study, the U.S. Department of Justice's Bureau of Justice Statistics found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems" and that "resolving the problems caused by identity theft [could] take more than a year for some victims."[11]

**E. Plaintiff Wethington's Experience**

70. Plaintiff Linda Wethington is a former student and graduate of Capella University, which is owned and operated by Defendant Strategic Education.

71. Strategic Education, through its ownership of Capella University, conditioned Plaintiff Wethington's enrollment upon receipt of her Personal Information.

72. Upon information and belief, at the time of the Data Breach, Strategic Education maintained Plaintiff Wethington's Personal Information in its system.

73. Plaintiff is very careful about sharing her Personal Information. Plaintiff Wethington stores any documents containing her Personal Information in a safe and secure manner. She has never knowingly transmitted unencrypted sensitive Personal Information over the internet or any other unsecured source. Plaintiff Wethington would not have entrusted her Personal Information to Defendant had she known of Defendant's inadequate data security policies.

74. In order to obtain educational services from Capella University, and therefore Strategic Education, Plaintiff Wethington was required to provide her Personal Information to Strategic Education, including her name, address, date of birth, contact information, Social Security number, driver's license, and passport number.

---

[11] *Victims of Identity Theft, 2012*, U.S. DEP'T OF JUSTICE 10, 11 (Jan. 27, 2014), https://www.bjs.gov/content/pub/pdf/vit12.pdf.

75. As a result of the Data Breach, Plaintiff has made reasonable efforts to mitigate the impact of the Data Breach, including researching and verifying the legitimacy of the Data Breach. Plaintiff has spent time, roughly one (1) hour, dealing with the Data Breach – valuable time Plaintiff otherwise would have spent on other activities.

76. Plaintiff Wethington suffered actual injury from having her Personal Information compromised as a result of the Data Breach, including but not limited to: (i) invasion of privacy; (ii) theft of her Personal Information; (iii) lost or diminished value of Personal Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) statutory damages; (vii) nominal damages; and (viii) the continued and certainly increased risk to her Personal Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Personal Information.

77. Plaintiff Wethington anticipates spending considerable time and money on an ongoing basis to try and mitigate and address harms caused by the Data Breach.

78. As a result of the Data Breach, Plaintiff is at present risk and will continue to be at an increased risk of identity theft and fraud for years to come.

79. Plaintiff Wethington has a continuing interest in ensuring her Personal Information which, upon information and belief, remains backed up in Defendants' possession, is protected and safeguarded from future breaches.

80. Plaintiff Wethington greatly values her privacy, and would not have provided her Personal Information, undertaken the services and paid the amounts that she did if she had known

that her Personal Information would be maintained using inadequate data security systems.

## CLASS ACTION ALLEGATIONS

81. Plaintiff brings this Class Action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. Proc. 23. The Class is preliminarily defined as:

> All individuals whose Personal Information was compromised as a result of the Data Breach with Strategic Education which was announced on or about May 29, 2026.

82. Excluded from the Class are Strategic Education and its subsidiaries and affiliates, officers, directors, and members of their immediate families, and any entity in which it has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

83. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add a subclass(es) if necessary, before this Court determines whether certification is appropriate.

84. *Fed. R. Civ. Proc. 23(a)(1) Numerosity:* The Class is so numerous such that joinder of all Members is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of current and former students, employees, and other individuals affiliated with Strategic Education, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Strategic Education's records. Strategic Education has the administrative capability through its computer systems and other records to identify all Members of the Class, and such specific information is not otherwise available to Plaintiff.

85. *Fed. R. Civ. Proc. 23(a)(2) Commonality and Fed. R. Civ. Proc. 23(b)(3) Predominance:* There are numerous questions of law and fact common to the Class. As such, there

is a well-defined community of interest among the Members of the Class. These questions predominate over questions that may affect only individual Members of the Class because Strategic Education has acted on grounds generally applicable to the Class. Such common legal or factual questions include, but are not limited to:

a. Whether Strategic Education had a duty to protect student, employee, and other Strategic Education - affiliated individuals' Personal Information;

b. Whether Strategic Education knew or should have known of the susceptibility of its systems to a data breach;

c. Whether Strategic Education's security measures to protect its systems were reasonable considering best practices recommended by data security experts;

d. Whether Strategic Education was negligent in failing to implement reasonable and adequate security procedures and practices;

e. Whether Strategic Education's failure to implement adequate data security measures allowed the Data Breach to occur;

f. Whether Strategic Education's conduct, including its failure to act, resulted in or was the proximate cause of the Data Breach, resulting in the unlawful exposure of the Plaintiff's and Class Members' Personal Information;

g. Whether Plaintiff and Class Members were injured and suffered damages or other losses because of Strategic Education's failure to reasonably protect its systems and data network;

h. Whether Plaintiff and Class Members are entitled to relief;

i. Whether Strategic Education failed to adequately notify Class Members of

the compromise of their Personal Information;

j. Whether Strategic Education assumed a fiduciary duty and/or confidential relationship to Class Members when they entrusted it with their Personal Information;

k. Whether Strategic Education breached its contracts with Class Members by failing to properly safeguard their Personal Information and by failing to notify them of the Data Breach;

l. Whether Strategic Education's violation of FTC and GLBA regulations constitutes evidence of negligence or negligence *per se*;

m. Whether Strategic Education impliedly warranted to Class Members that the information technology systems were fit for the purpose intended, namely the safe and secure processing of Personal Information, and whether such warranty was breached.

86. *Fed. R. Civ. Proc. 23(a)(3) Typicality:* Plaintiff's claims are typical of the claims of all Class Members, because all such claims arise from the same set of facts regarding Strategic Education's failures:

a. to protect Plaintiff's and Class Members' Personal Information;

b. to discover and remediate the security breach of its computer systems more quickly; and

c. to disclose to Plaintiff and Class Members in a complete and timely manner information concerning the security breach and the theft of their Personal Information.

87. *Fed. R. Civ. Proc. 23(a)(4) Adequacy:* Plaintiff will fairly and adequately protect

the interests of the Class. Plaintiff is a more than adequate representative of the Class in that Plaintiff and the Class are victims of the Data Breach, has suffered injury and damages such as misuse and fraudulent activity as a result of the Data Breach, and bring the same claims on behalf of themselves and the putative Class. Plaintiff has no interests antagonistic to that of the Class Members. Plaintiff has retained counsel who are competent and experienced in litigating class actions, including class actions following data breaches and unauthorized data disclosures. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the Class's interests.

88. *Fed. R. Civ. Proc. 23(b)(2) Injunctive and Declaratory Relief:* Strategic Education has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

89. *Fed. R. Civ. Proc. 23(b)(3) Superiority:* It is impracticable to bring Class Members' individual claims before the Court. Class treatment permits many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

90. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The unnamed Members of the Class are unlikely to have an interest in individually controlling the prosecution of separate actions;

b. Concentrating the litigation of the claims in one forum is desirable;

c. Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d. Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

91. Plaintiff knows of no unique difficulty to be encountered in the prosecution of this action that would preclude its maintenance as a class action.

92. *Fed. R. Civ. Proc. 23(c)(4) Issue Certification:* Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such issues include, but are not limited to:

a. Whether Strategic Education owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing and safeguarding their Personal Information;

b. Whether Strategic Education's security measures to protect its data systems were reasonable considering best practices recommended by data security experts;

c. Whether Strategic Education's failure to institute adequate protective security measures amounted to negligence;

d. Whether Strategic Education failed to take commercially reasonable steps to safeguard students' and employees' Personal Information; and

e. Whether adherence to FTC and GLBA data security recommendations, and industry standards on data security would have reasonably prevented the

Data Breach.

93. Finally, all Members of the proposed Class are readily ascertainable. Strategic Education has access to student, employee and applicant names and addresses affected by the Data Breach. Using this information, Class Members can be identified and ascertained for the purpose of providing constitutionally sufficient notice.

**COUNT I**
**NEGLIGENCE**
**(On behalf of Plaintiff and the Class)**

94. Plaintiff and the Members of the Class incorporate the above allegations as if fully set forth herein.

95. Defendant Strategic Education owed a duty to Plaintiff and the Members of the Class to exercise reasonable care to safeguard their Personal Information in its possession, based on the foreseeable risk of a data breach and the resulting exposure of their information, as well as on account of the special relationship between Defendant and its students and employees, including implementing industry-standard security procedures sufficient to reasonably protect the information from the Data Breach, theft, and unauthorized use that came to pass, and to promptly detect attempts at unauthorized access.

96. Defendant acted with wanton and reckless disregard for the security and confidentiality of Plaintiff's and Members of the Class's Personal Information by disclosing and providing access to this information to third parties and by failing to properly supervise both the manner in which the information was stored, used, and exchanged, and those in its employ who were responsible for making that happen.

97. Further, Defendant owed to Plaintiff and Members of the Class a duty to notify them within a reasonable time frame of any breach to the security of their Personal Information.

Defendant also owed a duty to timely and accurately disclose to Plaintiff and Members of the Class the scope, nature, and occurrence of the Data Breach. This duty is required and necessary for Plaintiff and Members of the Class to take appropriate measures to protect their Personal Information, to be vigilant in the face of an increased risk of harm, and to take other necessary steps in an effort to mitigate the harm caused by the Data Breach.

98. Strategic Education owed these duties to Plaintiff and Members of the Class because they are Members of a well-defined, foreseeable, and probable class of individuals who Defendant knew or should have known would suffer injury-in-fact from Defendant's inadequate security protocols. Defendant actively sought and obtained Plaintiff's and Members of the Class's personal information and PII for employment purposes.

99. Plaintiff and Members of the Class were required to provide their Personal Information to Defendant as a condition of applying for employment and/or as a condition of employment, and Defendant retained that information.

100. The risk that unauthorized persons would attempt to gain access to the Personal Information and misuse it was foreseeable. Given that Defendant holds vast amounts of this information, it was inevitable that unauthorized individuals would attempt to access Defendant's databases containing the Personal Information, whether by email hacking attack, or otherwise.

101. Personal Information is highly valuable, and Defendant knew, or should have known, the risk in obtaining, using, handling, emailing, and storing the Personal Information of Plaintiff and Members of the Class, and the importance of exercising reasonable care in handling it.

102. Defendant Strategic Education breached its duties by failing to exercise reasonable care in supervising its employees and agents, and in handling and securing the Personal

Information and PII of Plaintiff and Members of the Class which actually and proximately caused the Data Breach and Plaintiff's and Members of the Class's injury. Defendant further breached its duties by failing to provide reasonably timely notice of the Data Breach to Plaintiff and Members of the Class, which actually and proximately caused and exacerbated the harm from the Data Breach and Plaintiff's and Members of the Class's injuries-in-fact.

103. As a direct, proximate, and traceable result of Defendant's negligence and/or negligent supervision, Plaintiff and Members of the Class have suffered or will suffer injury and damages, including misuse and fraudulent activity, monetary damages, increased risk of future harm, embarrassment, humiliation, frustration, and emotional distress.

104. Defendant's breach of its common law duties to exercise reasonable care and its failures and negligence actually and proximately caused Plaintiff's and Members of the Class's actual, tangible, injury-in-fact and damages, including, without limitation, the theft of their PII by criminals, improper disclosure of their PII, lost benefit of their bargain, lost value of their PII, and lost time and money incurred to mitigate and remediate the effects of the Data Breach that resulted from and were caused by Defendant's negligence, which injury-in-fact and damages are ongoing, imminent, immediate, and which they continue to face.

**COUNT II**
**NEGLIGENCE *PER SE***
**(On behalf of Plaintiff and the Class)**

105. Plaintiff and the Class Members incorporate the above allegations as if fully set forth herein.

106. Pursuant to the FTC Act, 15 U.S.C. § 45, Defendant had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiff's and the Class Members' Personal Information, PII.

107. Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect customers or, in this case, students' and employees' PII.

108. The FTC publications and orders promulgated pursuant to the FTC Act also form part of the basis of Defendant's duty to protect Plaintiff's and the Class Members' sensitive PII.

109. Defendant violated Section 5 of the FTC Act by failing to use reasonable measures to protect its students' and employees' PII and not complying with applicable industry standards as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of PII Defendant had required and solicited, collected, and stored and the foreseeable consequences of a data breach, including, specifically, the immense damages that would result to students and employees in the event of a breach, which ultimately came to pass.

110. The harm that has occurred in the Data Breach is the type of harm the FTC Act is intended to guard against. Indeed, the FTC has pursued numerous enforcement actions against businesses that, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class Members.

111. Defendant had a duty to Plaintiff and the Class Members to implement and maintain reasonable security procedures and practices to safeguard their PII.

112. Defendant breached its respective duties to Plaintiff and Members of the Class under the FTC Act by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiff's and the Class Members' PII.

113. Defendant's violation of Section 5 of the FTC Act and its failure to comply with

applicable laws and regulations constitutes negligence *per se*.

114. But for Strategic Education's wrongful and negligent breach of its duties owed to Plaintiff and the Class, Plaintiff and the Members of the Class would not have been injured.

115. The injury and harm suffered by Plaintiff and the Class Members were the reasonably foreseeable result of Defendant's breach of its duties. Defendant knew or should have known that Defendant was failing to meet its duties and that its breach would cause Plaintiff and Members of the Class to suffer the foreseeable harms associated with the exposure of their PII.

116. Had Plaintiff and Members of the Class known that Defendant did not adequately protect students' and employees' PII, Plaintiff and Members of the Class would not have entrusted Defendant with their PII.

117. As a direct and proximate result of Defendant's negligence *per se*, Plaintiff and the Class Members have suffered harm, injury, and damages as set forth in the preceding paragraphs.

**COUNT III**
**BREACH OF EXPRESS/IMPLIED CONTRACTUAL DUTY**
**(On behalf of Plaintiff and the Class)**

118. Plaintiff and Members of the Class incorporate the above allegations as if fully set forth herein.

119. Defendant offered to provide educational services to Plaintiff and Members of the Class in exchange for payment. Strategic Education also required Plaintiff and the Members of the Class to provide Defendant with their Personal Information as a condition of applying for educational services.

120. Defendant offered to provide employment to Members of the Class in exchange for labor. Strategic Education also required Members of the Class to provide Defendant with their Personal Information as a condition of receiving remuneration for labor rendered.

121. In turn, and through its Privacy Policy, Defendant agreed it would not disclose Personal Information it collects to unauthorized persons. Defendant also promised to maintain safeguards to protect their Personal Information.

122. Plaintiff and the Members of the Class accepted Defendant's offer by providing Personal Information to Strategic Education, in applying for educational services and/or employment, and providing labor to Defendant and receiving remuneration.

123. The agreement was supported by adequate consideration.

124. Implicit in the Parties' agreement was that Defendant would provide Plaintiff and Members of the Class with prompt and adequate notice of any and all unauthorized access and/or theft of their Personal Information.

125. Plaintiff and the Members of the Class would not have entrusted their Personal Information to Defendant in the absence of such agreement with Defendant.

126. Strategic Education materially breached the contract(s) it had entered with Plaintiff and Members of the Class by failing to safeguard such Personal Information and failing to notify them promptly of the intrusion into its computer systems that compromised such information. Defendant further breached the implied contracts with Plaintiff and Members of the Class by:

a. Failing to properly safeguard and protect Plaintiff's and Members of the Class's Personal Information;

b. Failing to comply with industry standards as well as legal obligations that are necessarily incorporated into the parties' agreement;

c. Failing to ensure the confidentiality and integrity of electronic Personal Information that Defendant received, maintained, and transmitted in violation of 45 C.F.R. § 164.306(a)(1).

127. The damages sustained by Plaintiff and Members of the Class as set forth in the preceding paragraphs were the direct and proximate result of Defendant's material breaches of its agreement(s).

128. Plaintiff and Members of the Class have performed as required under the relevant agreements, or such performance was waived by the conduct of Defendant.

129. The covenant of good faith and fair dealing is implied into every contract. The parties must act with honesty in fact in the conduct or transactions concerned. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.

130. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty.

131. Defendant failed to advise Plaintiff and Members of the Class of the Data Breach promptly and sufficiently.

132. In these and other ways, Defendant violated its duty of good faith and fair dealing.

133. Plaintiff and Members of the Class have sustained damages as a result of Defendant's breaches of its agreement, including breaches thereof through violations of the covenant of good faith and fair dealing.

**COUNT IV**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiff and the Class)**

134. Plaintiff and Members of the Classes incorporate the above allegations as if fully

set forth herein.

135. This claim is pleaded in the alternative to the breach of express/implied contractual duty claim.

136. Plaintiff and Members of the Classes conferred a benefit upon Defendant in the form of tuition fees in exchange for educational services or labor rendered in exchange for remuneration.

137. Defendant appreciated or had knowledge of the benefits conferred upon itself by Plaintiff and Members of the Class. Defendant also benefited from the receipt of Plaintiff's and Members of the Class's Personal Information, as this was required to facilitate the student and employment relationship, as well as for the purpose of applying for enrollment or employment.

138. As a result of Defendant's conduct, Plaintiff and Members of the Class suffered actual damages in an amount equal to the difference in value between the value of their tuition payments or labor with reasonable data privacy and security practices and procedures that Plaintiff and Members of the Classes were entitled to, and that tuition or labor without reasonable data privacy and security practices and procedures that they received.

139. Under principles of equity and good conscience, Defendant should not be permitted to retain the monetary value of the tuition or labor belonging to Plaintiff and Members of the Classes because Defendant failed to implement (or adequately implement) the data privacy and security practices and procedures for itself for which Plaintiff and Members of the Classes expended tuition or labor and that were otherwise mandated by federal, state, and local laws and industry standards.

140. Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and Members of the Class all unlawful or inequitable proceeds received by it as a result

of the conduct and Data Breach alleged herein.

**COUNT V**
**INVASION OF PRIVACY**
**(On behalf of Plaintiff and the Class)**

141. Plaintiff and Members of the Class incorporate the above allegations as if fully set forth herein.

142. Defendant publicized private details and facts not generally known to the public, not publicly available, and not of legitimate public concern about Plaintiff and the Class Members by disclosing and exposing Plaintiff's and the Class Members' Personal Information to enough people that it is reasonably likely those facts have and/or will become known to the public at large, including, without limitation, on the dark web and elsewhere.

143. The disclosure of students' and employees' full names, Social Security numbers, and financial information, is particularly harmful and would be offensive to a reasonable person of ordinary sensibilities.

144. Defendant has a special relationship with Plaintiff and the Class Members and Defendant's disclosure of Personal Information is certain to embarrass them and offend their dignity. Defendant should appreciate that the cyber-criminals who stole the Personal Information would fraudulently misuse that Personal Information, and further sell and disclose the data, just as they are doing. That the original disclosure is devastating to the Plaintiff and the Class Members, even though it originally may have only been disclosed to one person or a limited number of cyber-criminals, does not render it any less a disclosure to the public-at-large considering that said non-public information is now made public, and cannot be secured again.

145. The tort of public disclosure of private facts is recognized in Indiana. Plaintiff's and the Class Members' Personal Information was publicly disclosed by Defendant in the Data

Breach with reckless disregard for the reasonable offensiveness of the disclosure. Such disclosure is highly offensive and would be to any person of ordinary sensibilities. Defendant knew or should have known that Plaintiff's and the Class Members' PII is not a matter of legitimate public concern.

146. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have been injured and are entitled to damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Linda Wethington, on behalf of herself and all others similarly situated, respectfully prays this Honorable Court for judgment as follows:

A. Certification for this matter to proceed as a class action on behalf of the proposed Class under Fed. R. Civ. Proc. 23;

B. Designation of Plaintiff as Class Representative and designation of the undersigned as Class Counsel;

C. Actual damages in an amount according to proof;

D. Injunctive or declaratory relief;

E. Pre- and post-judgment interest at the maximum rate permitted by applicable law;

F. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

G. For attorneys' fees under the common fund doctrine and all other applicable law; and

H. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b) on all claims so triable.

Dated: June 10, 2026

Respectfully submitted,

/s/_*Devon J. Munro*__
Devon J. Munro
MUNRO BYRD, P.C.
120 Day Avenue SW, Suite 100
Roanoke, Virginia 24016
Telephone: (504) 283-9343
dmunro@trialsva.com

Lynn A. Toops* (No. 26386-49)
Amina A. Thomas* (No. 34451-49)
COHENMALAD LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
athomas@cohenmalad.com

*Pro hac vice forthcoming

*Attorneys for Plaintiff and the Class*